## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KYMBERLEY COLE ROSENCRANS** | : | |
| 31 North Street | : | CIVIL ACTION |
| Plains, PA 18705 | : | |
| | : | |
| Plaintiff, | : | NO. _____ |
| | : | |
| v. | : | |
| | : | |
| **QUIXOTE ENTERPRISES INC.** | : | |
| **(D/B/A "Adult World")** | : | |
| **and** | : | |
| **CHARLES ERIC MORROW** | : | |
| 130 Noxen Rd. | : | JURY TRIAL DEMANDED |
| Harveys Lake, PA 18618 | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff Kymberley Cole Rosencrans, by and through her counsel, hereby avers as follows:

## I.   Introduction

1.     Plaintiff has initiated the instant action to redress violations of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e *et seq.*) (**"Title VII"**), and the Pennsylvania Human Relations Act (43 P.S. § 951 *et seq.*) (**"PHRA"**).

## II.   Jurisdiction and Venue

2.     This action is initiated pursuant to federal and state anti-discrimination laws.

This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

3.      The United States District Court for the Middle District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.  The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and (c) because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was working in the Middle District of Pennsylvania at the time of the illegal actions set forth herein) and because Defendants are subject to personal jurisdiction in the Middle District of Pennsylvania.

## III.   <u>Parties</u>

5.      Plaintiff is an adult female and citizen of the United States and the Commonwealth of Pennsylvania with an address as encaptioned above..

2

6.    Defendant Quixote Enterprises Inc. (d/b/a "Adult World"), hereinafter **"Adult World"**) was Plaintiff's employer.   Adult World is an "employer" within the meaning of state and federal anti-discrimination laws because it is engaged in an industry affecting interstate commerce and because it maintained or maintains 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

7.    Defendant Charles Eric Morrow, hereinafter "Morrow", is an adult male and citizen of the United States and Commonwealth of Pennsylvania.

8.    At all times relevant herein, Adult World acted through its several agents, servants, and employees (including but not limited to those named elsewhere in this Complaint), each of whom acted in the course and scope of their employment for Adult World at all times relevant herein.  Adult World is therefore fully responsible for the illegal and discriminatory acts and omissions of the aforesaid employees pursuant to the principle of *respondeat superior*.

## IV.    **Procedural and Administrative Requirements**

9.    Plaintiff has exhausted the procedural and administrative requirements for proceeding under Title VII and the PHRA.  In particular:

      a.    On or about January 27, 2016, Plaintiff filed a timely Charge of Discrimination with the Philadelphia Office of the U.S. Equal Employment Opportunity Commission ("EEOC") where it was assigned Charge No. 530-2016-01503;

3

b.      On or about October 13, 2016, the EEOC issued a Dismissal and Notice of Rights;

c.      The instant action is timely because it was initiated within ninety (90) days of the receipt of the aforementioned Notice;

d.      Plaintiff also requested that the aforesaid charge of discrimination be cross-filed with the Pennsylvania Human Relations Commission;

e.      Plaintiff has fully exhausted her administrative remedies.

**V.      <u>Factual Background</u>**

10.     Defendant, as its trade name suggests, is in the adult entertainment business. It operates approximately eighteen (18) retail establishments in Pennsylvania New York and New Jersey.

11.     Defendant Morrow is the principal officer in charge of Adult World.

12.     In October 2015 Morrow offered Plaintiff a position with Adult World as an Area Manager.  Plaintiff was to have six (6) stores under her management, and was to earn $35k in salary with fringe benefits including a company vehicle, gas card, 401k plan and health insurance.

13.     Plaintiff accepted the job offer.

14.     In order to accept this position Plaintiff gave up a cleaning business she had built over the prior eight years.

15.     Plaintiff started the job on or about November 9, 2015.

4

16.     On Sunday, November 15, 2015 got married.  The following week she worked Tuesday - Friday as scheduled.

17.     On Friday, November 20, 2015, Plaintiff was told by another manager that she wasn't working out and that they decided to give another chance to the other girl Plaintiff was supposed to be replacing.  The other manager was acting on instructions from Morrow.

18.     Morrow told Plaintiff the same thing, via text, but also stating "you have a new husband."  This revealed Morrow's true motivation.

19.     Plaintiff had known Morrow since approximately 2009, and had provided cleaning services to him.  They became close friends, and earlier in 2015 they had a sexual relationship.  Morrow was dating several women during that time.

20.     Morrow believed that by hiring Plaintiff, he was also entitled to resume a sexual relationship with Plaintiff when he wanted it. Plaintiff's marriage thwarted his plan, and so she was cast aside.

21.     Male employees who married were not fired - just Plaintiff was.

22.     After Plaintiff was terminated additional evidence of illegal sex discrimination was made known.  In response to Plaintiff's EEOC charge, Defendant contrived specific reasons for firing Plaintiff.  Those reasons were phony.

### COUNT ONE - SEX DISCRIMINATION
### IN VIOLATION OF TITLE VII AND THE PHRA
### (AGAINST ADULT WORLD ONLY)

23.     The preceding paragraphs are incorporated by reference herein.

24.     Defendant fired Plaintiff after she married because Morrow wanted her to be available for a sexual relationship during the course of her employment.  That's implicit quid pro quo sex discrimination.

25.     Men who married were not promptly fired just because they got married.  Only Plaintiff was.  That's disparate treatment sex discrimination

26.     In the manner set forth above, Adult World engaged in knowing, purposeful and unlawful sex discrimination.

27.     In the manner set forth above, Adult World has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's right to be free from employment discrimination based on her sex.

28.     As a result of the sex discrimination inflicted by Adult World, Plaintiff suffered damages including but not limited to denial of employment, lost wages, lost benefits, lost promotions, lost bonuses, lost training, and lost experience.

29.     As a result of the sex discrimination inflicted by Adult World, Plaintiff has suffered emotional pain, anguish and suffering, humiliation, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

### COUNT TWO - AIDING AND ABETTING SEX DISCRIMINATION IN VIOLATION OF THE PHRA (AGAINST DEFENDANT CHARLES ERIC MORROW ONLY)

30.     The preceding paragraphs are incorporated by reference herein.

31.     Defendant Morrow violated the PHRA in that he acted in concert with

6

Defendant Adult World, aided Defendant Adult World and abetted Defendant Adult World in discriminating against Plaintiff on account of her gender in the fashion set forth above.

32.     As a result of the sex discrimination aided and abetted by Defendant Morrow, Plaintiff suffered damages including but not limited to denial of employment, lost wages, lost benefits, lost promotions, lost bonuses, lost training, and lost experience.

33.     As a result of the sex discrimination aided and abetted by Defendant Morrow,, Plaintiff has suffered emotional pain, anguish and suffering, humiliation, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A.     Defendants are to be permanently enjoined from discriminating against Plaintiff on any basis forbidden by Title VII and other applicable federal and state law;

B.     Defendants are to promulgate and/or adhere to a policy prohibiting sex discrimination, and ensure this policy is fairly and adequately enforced;

C.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, interest, salary, pay increases, bonuses, insurance, benefits, training, promotions, lost 401K or retirement benefits, and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date her employment was first terminated until the date of verdict,

and Defendants should be ordered to provide an accounting of all benefits lost by Plaintiff to ensure Plaintiff is made whole if deemed appropriate by the Court;

D.      Plaintiff is to be awarded compensatory damages for the mental anguish, emotional distress, pain and suffering caused by Defendants' actions;

E.      Plaintiff is to be awarded punitive damages as permitted by Title VII, in an amount believed by the Court or trier of fact to be appropriate to punish Adult World for its willful, deliberate, malicious, reckless and outrageous conduct, and to deter Adult World or other employers from engaging in such misconduct in the future;

F.      Plaintiff is to be accorded equitable or injunctive relief as allowed by applicable law;

G.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

H.      This Court should grant any and all other such legal or equitable relief as it deems necessary, just, and appropriate;

I.      This Court should maintain jurisdiction over the instant action to ensure full compliance with its Orders therein until such time it is satisfied that its Orders and dictates have been complied with in full by Defendants;

J.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted

**WEINSTEIN LAW FIRM, LLC**

By:    /s/ Marc E. Weinstein
          Marc E. Weinstein, Esquire
          500 Office Center Drive, Suite 400
          Fort Washington, PA 19034
          267.513.1942 tel
          marc@meweinsteinlaw.com
          Counsel to Plaintiff

Dated:        January 9, 2017